MIDLIGE RICHTER, LLC
645 Martinsville Road
Basking Ridge, New Jersey 07920
(908) 626-0622
James S. Richter

*Attorneys for Plaintiff,*
*Whirlpool Corp.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WHIRLPOOL CORP., | Honorable |
| Plaintiff, | Civil Action No. |
| v. | |
| ELECTROLUX PROFESSIONAL AB; ELECTROLUX CONSUMER PRODUCTS, INC., | **COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff Whirlpool Corp. ("Whirlpool" or "Plaintiff") brings this Complaint against Defendants Electrolux Professional AB and Electrolux Consumer Products, Inc. (collectively, "Electrolux" or "Defendants"), alleging as follows:

### NATURE OF ACTION

1.    Pursuant to Local Civil Rule 10.1, the address for the principal place of business for Plaintiff and each Defendant, is as follows:

> Whirlpool Corp.
> 2000 North M-63
> Benton Harbor, MI 49022
>
> Electrolux Professional AB
> SE-105 45 Stockholm, Sweden

Electrolux Consumer Products, Inc.
10200 David Taylor Drive
Charlotte, NC 28262

2.      As alleged below, this is an action for patent infringement based on Electrolux's unlawful use of Whirlpool's patent directed to low-profile microwave hood combination products. Electrolux copied Whirlpool's award-winning design, and its misconduct has caused Whirlpool significant damage and irreparable harm.

## THE PARTIES

3.      Plaintiff Whirlpool Corp. is a Delaware corporation having its principal place of business located at 2000 North M-63, Benton Harbor, MI 49022.

4.      Defendant Electrolux Professional AB ("EAB") is a Swedish corporation having its principal place of business located at SE-105 45, Stockholm, Sweden.

5.      Defendant Electrolux Consumer Products, Inc. ("ECP") is a Delaware corporation having its principal place of business located at 10200 David Taylor Drive, Charlotte, NC 28262. On information and belief, ECP is a wholly owned subsidiary of EAB. On information and belief, ECP has also done business as Electrolux Home Products, Inc.

## JURISDICTION AND VENUE

6.      This is a civil action for patent infringement under 35 U.S.C. § 271 *et seq*.

7.      This Court has subject matter jurisdiction over this action under the laws of the United States, 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has general personal jurisdiction over Electrolux because Electrolux is engaged in substantial and not isolated activity within this judicial district. This Court has specific jurisdiction over Electrolux because Electrolux has committed acts giving rise to this action and has established more than minimum contacts within this judicial district, such that the exercise of

2

jurisdiction over Electrolux in this Court would not offend traditional notions of fair play and substantial justice. On information and belief, Electrolux has also placed infringing products into the stream of commerce by shipping those products into New Jersey or knowing that the products would be shipped there. Moreover, on information and belief, Electrolux has committed or aided, abetted, contributed to, and/or participated in the commission of, acts of infringing the Asserted Patent that will lead to foreseeable harm and injury to Plaintiff, including within New Jersey.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)–(c) and 1400(b) for EAB, a Swedish company, because suits against foreign entities are proper in any judicial district.

10.      Venue is proper as to ECP at least because, on information and belief, ECP has a regular and established place of business in the State of New Jersey. For example, numerous authorized dealers service Electrolux products in New Jersey.[1] At least one authorized dealer, Designer Appliances, displays Electrolux products at its "Bedminster NJ Experience Center" and "Montclair NJ Showroom."[2] ECP is also registered with New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business Identification No. 0451173454.[3] Moreover, ECP has previously consented to venue in New Jersey.[4]

---

[1]  *See, e.g.*,  https://www.communityappliance.com/by-brand/electrolux/Electrolux.html (Middletown, NJ); https://www.toplineac.com/by-brand/electrolux/Electrolux.html (Westfield, NJ); https://www.jerseycoastappliancestore.com/by-brand/electrolux/Electrolux.html (Toms River, NJ); https://www.bayshoreappliance.com/by-brand/electrolux/Electrolux.html (Hazlet, NJ); https://www.obergandlindquist.com/by-brand/electrolux/Electrolux.html (Westwood, NJ).

[2] https://www.designerappliances.com/browse-by-brand/electrolux-appliances.html?srsltid=Afm BOorlvF5Zmses51t94PdZPkrynt-KhSyEgx8jNTq4igwIBo8ymdB4 (Design Appliances web page, which states, "Our appliance store in Montclair NJ and in Bedminster NJ display Electrolux appliances to serve New York City and New Jersey.").

[3] *See* https://www.njportal.com/DOR/BusinessNameSearch/Search/BusinessName.

[4] *See State Farm Fire & Casualty Co. v. Electrolux Home Products, Inc. et al.*, No. 2:15-cv-06430 (D.N.J. Aug. 26, 2015) (Electrolux's Notice of Removal in product liability lawsuit); *Tower*

11.     On information and belief, EAB and ECP act in concert either directly or indirectly through one or more of their wholly owned subsidiaries to commercially develop, manufacture, import, market, offer for sale, distribute, and/or sell the infringing products throughout the United States, including within New Jersey. On information and belief, EAB and ECP are agents of one another and/or operate in concert as integrated parts of the same business group and enter into agreements with each other that are nearer than arm's length. For example, EAB and its subsidiaries comprise the "Electrolux Professional Group" and are subject to the same policies and standards.[5] On information and belief, ECP acts at the direction, and for the benefit, of EAB, and is controlled and/or dominated by EAB.

## FACTUAL BACKGROUND

### Whirlpool's Background

12.     Whirlpool is a leading home appliance company dedicated to improving customers' quality of life at home through efficient, reliable, and innovative appliances.[6] As the only major manufacturer of kitchen and laundry appliances based in the United States, nearly 90% of Whirlpool's 2024 sales occurred in the Americas.[7]

---

*National Insurance Co. v. Electrolux Home Products, Inc. et al.*, No. 2:17-cv-07583 (D.N.J. June 27, 2018) (Electrolux's third-party complaint in product liability lawsuit).

[5] *See* https://www.electroluxprofessionalgroup.com/en/our-company/policies/?_gl=1*w8xhuj*_.
up*MQ..*_ga*MTU1NTE0MDYwNi4xNzU2ODUyMTUx*_ga_C5R19GFPLZ*czE3NTY4NT
IxNTEkbzEkZzEkdDE3NTY4NTI4MzQkajYwJGwwJGgw*_ga_MNVYVN9CET*czE3NTY4
NTIxNTEkbzEkZzEkdDE3NTY4NTI4MzQkajYwJGwwJGgw (Electrolux Professional Group web page with Group policies and standards); https://www.electroluxprofessionalgroup.com/en/.
wp-content/uploads/sites/2/2024/02/Group-Tax-Policy-External-2025.pdf?_gl=1*1jw6okw*_up
*MQ..*_ga*MTU1NTE0MDYwNi4xNzU2%20ODUyMTUx*_ga_C5R19GFPLZ*czE3NTY4N
TIxNTEkbzEkZzEkdDE3NTY4NTI5ODkkajYwJGwwJGgw*_ga_MNVYVN9CET*czE3NTY
4NTIxNTEkbzEkZzEkdDE3NTY4NTI5ODkkajYwJGwwJGgw, at 3 (2025 Group Tax Policy referring to "Electrolux Professional AB including subsidiaries" as "the Group").

[6] *See* https://ar.whirlpoolcorp.com/whirlpool-at-a-glance/.

[7] *Id.*

13.     Among its areas of specialty, Whirlpool designs and manufactures kitchen appliances, including low-profile microwave hood combination products ("LP-MHCs"). LP-MHCs are designed to fit into the undercabinet hood space above a cooking range, providing a two-in-one kitchen appliance that cooks and provides ventilation.[8] Compared to their traditional counterparts, LP-MHCs have significantly scaled down overall vertical dimensions, allowing their installation in areas that previously could only accommodate a standalone ventilation hood.[9] The benefit of this compact design is preserved through an LP-MHC's robust air circulation of byproducts produced when using the cooking range below (e.g., smoke or grease). An LP-MHC's space-saving properties save countertop space without sacrificing performance, providing users with an efficient and innovative dual-function kitchen appliance.

14.     The below images show certain of the components for an exemplary Whirlpool LP-MHC (Model No. WMML5530RZ):



---

[8] https://www.whirlpool.com/blog/kitchen/what-is-a-low-profile-microwave.html.

[9] *See* Exhibit A (U.S. Patent No. 12,289,819) at 1:38-58; 4:40-60.





15.     Whirlpool's LP-MHCs created a new, first-to-market category of MHCs, which had

a significant impact on the cooking appliance industry and has enjoyed enormous commercial

success. Whirlpool's creation of the LP-MHC product category was publicized in the industry and

earned Whirlpool a 2019 iF Design Award.[10]

---

[10] https://www.prnewswire.com/news-releases/whirlpool-corporations-innovative-design-wins-big-at-if-design-awards-300813555.html.

16.     Whirlpool has also been awarded numerous patents for its innovative LP-MHCs, including the patent identified herein. Whirlpool's products practice the claims of those patents.

**Accused Products and Activities**

17.     Commercial success and patenting are often accompanied by copying from competitors. That is the case here. Indeed, subsequent to Whirlpool's product launch, Electrolux launched a line of copycat products under the Electrolux and/or Frigidaire brand name that practice the Asserted Patent. Electrolux's website even references the "low-profile" design of LP-MHCs, a term coined by Whirlpool after conducting market research:



18.     On information and belief, Electrolux sells the infringing products under the "Frigidaire" and/or "Electrolux" brand names. Upon information and belief, Electrolux acts in concert with other manufacturers, including at least Midea Group Co., Ltd. and Midea America Corp. (collectively, "Midea"), by coordinating and entering into agreements to commercially manufacture, import, market, offer for sale, distribute, and/or sell infringing products in the United States, including within New Jersey. On information and belief, Midea manufactures the Frigidaire- and/or Electrolux-branded products accused of infringement in this action. Electrolux's infringing products include at least the following Stock Keeping Units ("SKUs"): GMOS1266AF and GMOS1266SS. On information and belief, Electrolux's infringing products, including at least SKU Nos. GMOS1266AF and GMOS1266SS, are manufactured by Midea. The aforementioned

Midea-manufactured products distributed by Electrolux in the United States are collectively referred to herein as the "Accused Products."

19.    The below images show certain of the components for an exemplary Accused Product sold under the "Frigidaire" brand name (SKU No. GMOS1266AF), which constitutes an LP-MHC.







## THE ASSERTED PATENT

20.    On April 29, 2025, the United States Patent and Trademark Office issued United States Patent No. 12,289,819 B2 ("the '819 patent"), titled "Combination Microwave and Hood System." The '819 patent lists the following individuals as inventors: Owen (XunCai) Zhang, Michael A. Ledford, Stephen Zheng, and Xiangxu Liu. The '819 patent is valid and enforceable. A copy of the '819 patent is attached as Exhibit A. Whirlpool is the owner of the '819 patent by written assignment. Whirlpool thus has standing to bring suit for infringement of the '819 patent.

21.    Whirlpool has complied with the marking requirements under 35 U.S.C. § 287 such that Whirlpool is entitled to collect past damages for infringement of the Asserted Patent. Whirlpool's LP-MHCs practice the Asserted Patent, and Whirlpool's practicing products have been marked with the Asserted Patent number.

## COUNT I

### (Infringement of U.S. Patent No. 12,289,819)

22.    Whirlpool realleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in paragraphs 1–21 of this Complaint.

23.    On information and belief, Electrolux makes, uses, imports, offers for sale, and/or sells in the United States the Accused Products that directly infringe at least claims 1-12, 16-18, 21-22, and 24-30 of the '819 patent, under 35 U.S.C. § 271(a).

24.    By way of non-limiting example, Exhibit B, submitted herewith, is a claim chart showing how the Accused Products directly infringe asserted independent claims 1 and 30 of the '819 patent.

25.    On information and belief, Electrolux currently actively induces and has induced infringement of the '819 patent pursuant to 35 U.S.C. § 271(b) through, among other things, actively encouraging others to make, use, import, offer for sale, and/or sell in this judicial district and elsewhere in the United States the Accused Products.

26.    For example, Electrolux actively promotes the sale, use, and importation of the Accused Products in marketing materials, product manuals, and web pages on its website,[11] and through its sales and distribution channels that encourage infringing sales, offers to sell, and importation of the Accused Products. Electrolux also coordinates with Midea to distribute in New Jersey infringing Accused Products manufactured by Midea.

---

[11] *See, e.g.*, https://www.frigidaire.com/en/p/kitchen/microwaves/over-the-range-microwave/GMOS1266AF?srsltid=AfmBOookkazC2Oy-WS1f- vHozxO5RDZAUx_cTiUSDz6EWPDqlFT-YzR1 (web page for GMOS1266AF; markets "low-profile design that easily fits into your existing undercabinet hood space without losing interior capacity" and provides links to product manuals) (last visited Sept. 2, 2025).

27.    On information and belief, Electrolux has had knowledge of the '819 patent and that the Accused Products infringe the asserted claims of the '819 patent and learned of this at least from the filing of this Complaint. Contemporaneously with the filing of this Complaint, Whirlpool provided Electrolux with a copy of the Complaint and exhibits to the Complaint. As a result, Electrolux received notice of the '819 patent and the infringement at issue no later than the filing of the Complaint. By the time of trial, Electrolux will have known and intended (since receiving such notice) that its continued actions would infringe and actively induce the infringement of the '819 patent.

28.    On information and belief, Electrolux's infringement of the '819 patent has been and continues to be willful.

29.    On information and belief, Electrolux knew of the '819 patent or was willfully blind to its existence.

30.    Electrolux's infringement of the '819 patent has been without permission, consent, authorization, or license from Whirlpool.

31.    As a result of Electrolux's infringement, Whirlpool has suffered and will continue to suffer damages, including past damages, in an amount to be proved at trial. In addition, Electrolux's infringement caused and will continue to cause Whirlpool irreparable harm, for which there is no adequate remedy at law, warranting an injunction from the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court:

A.    Adjudge that Electrolux has infringed and is infringing one or more claims of the Asserted Patent, directly and/or indirectly, literally, and/or under the doctrine of equivalents;

B.      Award damages, including past damages, sufficient to compensate Plaintiff for Electrolux's infringement under 35 U.S.C. § 284, including an award of treble damages for willful infringement;

C.      Find this case exceptional under 35 U.S.C. § 285, and award Plaintiff its reasonable attorneys' fees;

D.      Enjoin Electrolux, and all persons in concert or participation with it, from directly or indirectly infringing one or more claims of the above Asserted Patent, directly and/or indirectly, literally, and/or under the doctrine of equivalents;

E.      Award Plaintiff its costs and expenses incurred in this action;

F.      Award Plaintiff pre-judgment and post-judgment interest; and,

G.      Grant Plaintiff such further relief as the Court deems just and appropriate.

MIDLIGE RICHTER LLC
*Attorneys for Plaintiff, Whirlpool Corp.*

By:      *s/ James S. Richter*
            James S. Richter

Dated: November 18, 2025

OF COUNSEL:

Brian E. Ferguson  (*pro hac vice* forthcoming)
Robert T. Vlasis III  (*pro hac vice* forthcoming)
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
202-282-5000
beferguson@winston.com
rvlasis@winston.com

Kurt Mathas (*pro hac vice* forthcoming)
WINSTON & STRAWN LLP
300 N. LaSalle Drive
Suite 4400
Chicago, IL 60654
312-558-5600
kmathas@winston.com

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury of all claims so triable.

MIDLIGE RICHTER LLC
*Attorneys for Plaintiff, Whirlpool Corp.*

By:  *s/ James S. Richter*
James S. Richter

Dated: November 18, 2025

OF COUNSEL:

Brian E. Ferguson  (*pro hac vice* forthcoming)
Robert T. Vlasis III  (*pro hac vice* forthcoming)
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
202-282-5000
beferguson@winston.com
rvlasis@winston.com

Kurt A. Mathas (*pro hac vice* forthcoming)
WINSTON & STRAWN LLP
300 N. LaSalle Drive
Suite 4400
Chicago, IL 60654
312-558-5600
kmathas@winston.com

## CERTIFICATION PURUSANT TO L. CIV. R. 201.1

Under Local Civil Rule 201.1, the undersigned counsel hereby certifies that to my knowledge, Plaintiff's Complaint seeks damages that exceed the sum of $150,000, exclusive of interest and costs and any claim for punitive damages, and seeks injunctive and other equitable relief, and therefore this action is not appropriate for compulsory arbitration.

*s/ James S. Richter*
James S. Richter

Dated: November 18, 2025

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, contemporaneous with the filing of this Complaint, Whirlpool filed a Complaint for Patent Infringement with the U.S. District Court for the District of Delaware against ECP, asserting the same Asserted Patent against the same Electrolux Accused Products. Contemporaneous with the filing of this Complaint, Whirlpool also filed a Complaint for Patent Infringement against Electrolux at the U.S. International Trade Commission ("ITC"), asserting the same Asserted Patent against the same Electrolux Accused Products. The ITC action additionally names the following entities as proposed respondents to the investigation: Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung"); LG Electronics Inc. and LG Electronics USA, Inc. (collectively, "LG"); Midea Group Co., Ltd. and Midea America Corporation (collectively, "Midea"); Haier Group Corporation and Haier US Appliance Solutions, Inc. d/b/a GE Appliances (collectively, "Haier"); Cosmo Products, LLC; Meyer Corporation, U.S.; Koolmore Supply, Inc.; THOR International d/b/a THOR Kitchen, Inc.; Unique Appliances Ltd.; and CTM Household Appliances Inc. d/b/a FORNO. Whirlpool has additionally filed similar complaints for patent infringement in the U.S. District Courts against

Samsung, LG, Midea, and Haier. I hereby certify that the matter in controversy in the above-captioned action against Electrolux is otherwise not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

<em>s/ James S. Richter</em>
James S. Richter

Dated: November 18, 2025